# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPEN ROAD FILMS, LLC, a Delaware limited liability company, *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-12012 (LSS)<br><br>(Jointly Administered) |
| JOHN ROUSSEY, as Plan Administrator of the Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DONALD TANG, an individual; TANG MEDIA PARTNERS LIMITED, a Cayman Islands limited company; TANG MEDIA PARTNERS LLC, a Nevada limited liability company; IM GLOBAL, LLC, a Delaware limited liability company; GLOBAL ROAD ENTERTAINMENT LLC, a Delaware limited liability company; JIE KANG a/k/a/ KEVIN KANG, an individual; ROBERT G. FRIEDMAN, an individual; and DOES 1 through 20;<br><br>　　　　　　Defendants. | Adv. Proc. No. 20-50610-LSS |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Open Road Films, LLC (4435-Del.); Open Road Releasing, LLC (4736-Del.); OR Productions LLC (5873-Del.); Briarcliff LLC (7304-Del.); Open Road International LLC (4109-Del.); and Empire Productions LLC (9375-Del.). The Debtors' address is 2049 Century Park East, 4th Floor, Los Angeles, CA 90067.

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule (this "Scheduling Order") shall apply to the above-captioned adversary proceeding.

**IT IS HEREBY ORDERED** that:

1. The discovery planning conference described in Rule 26(f) of the Federal Rules of Civil Procedure, made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure, took place on July 27, 2020, prior to the pretrial conference held in the adversary proceeding and is deemed completed.

2. On July 24, 2020, Defendants Donald Tang ("Tang") and Kevin Kang ("Kang") filed a Motion to Dismiss the Complaint (the "Motion to Dismiss"). Plaintiff requested an extension of the response deadline from August 7, 2020 to September 10, 2020, which extension Defendants Tang and Kang agreed to provide, on the condition that any discovery as to Defendants Tang and Kang be stayed pending the Court's issuance of a ruling on the Motion to Dismiss, which Plaintiff has agreed to as well. Relatedly, any reply by Defendants Tang and Kang to any opposition by Plaintiff to the Motion to Dismiss shall be due by no later than September 18, 2020.

3. The parties exchanged initial disclosures under Federal Rule 26(a)(1) on September 4, 2020. Due to on-going office closures in Los Angeles, California (and other parts of the country) resulting from COVID-19 issues and certain of the Defendants' limited staff, causing an inability for some of the parties to access all of the potentially relevant documents that would otherwise be included in the initial disclosures, the parties may produce documents pursuant to Federal Rule 26(a)(1)(A)(ii) on a rolling basis, but shall complete such production by no later than October 30, 2020. If production of documents pursuant to Federal Rule 26(a)(1)(A)(ii) is not completed by October 30, 2020, then any extension of the deadline to produce such document may only be

granted by Order of the Court for good cause shown.

4. All fact discovery shall be completed no later than May 7, 2021.

5. The parties shall provide expert reports for an issue on which they bear the burden of proof, not including any report by Plaintiff on insolvency of the Debtors, by no later than June 11, 2021. If Defendants intend to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided by no later than July 9, 2021. Any expert report by Plaintiff on the insolvency of the Debtor, as well as any party's expert report intended to rebut any other report, shall be provided by no later than July 9, 2021. Defendants shall provide any expert report intended to rebut any report on insolvency by Plaintiff by no later than August 6, 2021. All reports shall provide the information required by Federal Rule 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, by no later than August 20, 2021.

6. Pursuant to the *General Order Regarding Procedures in Adversary Proceedings* entered by the Honorable Mary F. Walrath on April 7, 2004, by no later than October 23, 2020, the parties shall file a "Stipulation Regarding Appointment of a Mediator" or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the adversary proceeding.

7. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8. All dispositive motions shall be filed and served by not later than thirty (30) days after the close of all discovery and shall be subject to Local Rule 7007.

9. As soon as is feasible after the close of all discovery, Plaintiff shall contact the Court to schedule a final pretrial conference in accordance with Local Rule 7016-2(a).

10. The parties shall file, no later than three (3) business days prior to the earlier of the date set for (i) pre-trial conference (if one is scheduled) or (ii) trial, their Final Pretrial Order approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Silverstein's chambers. Plaintiff has demanded a jury trial. Issues related to the jury trial shall be addressed at the pre-trial conference.

11. Plaintiff shall immediately notify Chambers upon the settlement, dismissal, or other resolution of an adversary proceeding subject to this Scheduling Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible.

12. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting in this adversary proceeding.

13. Deadlines contained in this Scheduling Order may be extended by stipulations between the parties as filed under Certification of Counsel, consistent with Local Rule 9019-1.

14. Plaintiff shall serve this Scheduling Order on each defendant within seven (7) business days after the entry of this Scheduling Order.

Dated: September 11, 2020
Wilmington, DE

_____
HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE